**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
SBN: 5402318, 321507, 094525 & 1853
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone:  7028634243
Fax: 2133838080

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF LOS ANGELES
# WESTERN DIVISION

LARRY JONES,

    **Plaintiffs,**

    vs.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; IRA YNIGO, an individual; AND DOES 1 THROUGH 10, INCLUSIVE.

    **Defendant(s)**

**COMPLAINT FOR:**
1. Negligence
2. Intentional Infliction of Emotional Distress
3. Excessive Force (42 U.S.C. § 1983)
4. Deliberate Indifference to Serious Medical Needs (42 U.S.C. § 1983)
5. Public Entity Liability, 42 U.S.C. § 1983, (MONELL).
6. Bane Act (Civ. Code § 52.1)
7. Assault
8. Battery
9. Failure to Summon Immediate Medical Care (Gov't Code § 845.6)

**DEMAND FOR JURY TRIAL**

Plaintiff Larry Jones **("Plaintiff"),** demands trial by jury and alleges as follows:

## PARTIES

1. At all times mentioned herein, Plaintiff has been domiciled in Los Angeles County, California.

2. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Defendant County of Los Angeles is a public entity which maintains a place of business, where it incarcerated Plaintiff at 441 Bauchet Street, Los Angeles, CA

90012 ("**COLA**")

3. At all times relevant herein, Defendant County of Los Angeles' Sheriff's Department ("**COLASD**") was the political subdivision of County responsible for providing law enforcement services for the County.

4. At all times relevant herein, Defendant, Deputy Ira Ynigo ("**Deputy Ynigo**"), was a competent adult individual residing in the County of Los Angeles, State of California and was employed as a law enforcement Deputy for COLASD. At all times alleged herein said Defendant was acting under color of law and in the course and scope of his employment with Defendants COLA and COLASD.

5. DOES 1 – 5 are officers of COLASD that carried out the unlawful acts that caused damage to Plaintiff and at all times herein were acting under color of law and in the course and scope of their employment with COLA and COLASD.

6. DOES 5 – 10 are other individuals of unknown capacities who authorized, aided, abetted, or otherwise bear fault for the actions of the other Defendants and/or their own actions in unlawfully violating Plaintiffs' civil rights.

7. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, DOES 1 through 10 are and were individuals, corporations, associations or otherwise. Plaintiff will amend this complaint to allege their true names and capacities when they become known to Plaintiff. Defendant COLA, COLASD, Deputy Ynigo and DOES 1 through 10 are hereinafter referred to collectively as "Defendants".

8. Plaintiff is informed and believes and based thereon alleges, that at all times mentioned herein, Defendants were the agents, representatives, fiduciaries, insurers, and/or co-conspirators of each other. Defendants were acting within the course and scope of such relationship and are responsible for the acts alleged herein and as proximate cause for Plaintiff's damages.

## JURISDICTION AND VENUE

9. This court has jurisdiction under 28 U.S.C. § 1331 (federal question), as this

lawsuit arises under the Constitution and laws of the United States, and specifically pursuant to 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under 42 U.S.C. § 1983 and as such, this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's claims under federal law.

10. Venue is proper in this court pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in this district (Los Angeles County) and because Defendants are domiciled in and/or maintain their principal place of business in Los Angeles County.

11. Defendants COLA and COLASD are vicariously liable for the conduct of their employees pursuant to Gov. Code, § 815.2, subd. (a).) A public entity may be held vicariously liable for the actions of its employees who are acting within the scope of their employment duties if the employee's conduct would give rise to a cause of action against the employee. (Gov. Code, § 815.2, subd. (a).) Joe's is vicariously liable for the actions of its employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has exhausted his administrative remedies. Plaintiff submitted a Government Tort Claim to COLA on November 25, 2023. COLA denied the claim on January 16, 2024, by means of a letter of the same date. This lawsuit has thus been timely brought as authorized by Gov. Code § 945.6(a)(1).

Plaintiff also filed a grievance with the Sherriff's department on 09/19/23. Said grievance was granted by COLA. A true and correct copy of a letter granting Plaintiff Jones' grievance is attached as **Exhibit 1**.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Upon information and belief and based thereon, Plaintiff Larry Jones has been incarcerated at the Men's Central Jail in Los Angeles since August 8, 2023.

14. Upon information and belief and based thereon, on September 19, 2023, Plaintiff Larry Jones was subjected to severe physical harm due to the actions of Deputy

Ynigo. While Plaintiff Jones was attempting to access a room, Deputy Ynigo, with full knowledge of Larry Jones' physical (ADA) limitations, recklessly and violently kicked and slammed shut a metal steel door, causing Plaintiff Jones' finger to become trapped.

15. Upon information and belief and based thereon, instead of assisting Plaintiff Jones and ensuring his safety, Deputy Ynigo proceeded to lock the door, exacerbating the injury and resulting in the complete loss of the tip of Plaintiff Jones' finger.

16. Upon information and belief and based thereon, it is essential to note that Mr. Jones was not handcuffed at the time and was utilizing the door frame for stability, as prescribed by his doctor. Rather than accepting responsibility for his actions, Deputy Ynigo dismissively claimed that the incident was an accident, suggesting that Mr. Jones should have stood back.

17. Upon information and belief and based thereon, this incident was captured by the tier camera footage, which had been installed by the Federal Bureau of Investigation specifically to prevent physical harm and hold Deputies accountable.

18. Upon information and belief and based thereon, instead of intervening or reporting the incident, Deputy Cruz aided and abetted Deputy Ynigo in falsifying an assault and battery report. This deliberate attempt to cover up Deputy Ynigo's misconduct is highly troubling and indicative of a culture of corruption.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

(Brought by Plaintiff Larry Jones Against All Individual Defendants.)

19. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

20. Defendants were negligent. Defendants failed to act with reasonable care towards Plaintiff which resulted in the amputation of Plaintiff Jones' finger

21. Defendants' negligence was a substantial factor in causing Plaintiff's harm

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**LARRY JONES  V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**

4

(Brought by Plaintiff Jones Against All Individual Defendants.)

22. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

23. Defendants engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress when they slammed the door shut while Plaintiff Jones was using it for support which eventually led to the amputation of his finger.

24. Also "behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress. (Prosser, Law of Torts, supra, at pp. 57-58; Rest.2d Torts, § 46, coms. e, f.

25. Plaintiffs suffered and continue to suffer severe and extreme emotional distress; and Defendants' outrageous conduct was the actual and proximate cause of the emotional distress. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a community." (*Potter v. Firestone Tire & Rubber Co.* (1993) - 25 Cal. Rptr. 2d 550, 6 Cal. 4th 965, 863 P.2d 795.).

### THIRD CLAIM FOR RELIEF

### EXCESSIVE FORCE — 42 U.S.C. § 1983 — 14TH AMENDMENT, U.S. CONST. / 4TH AMEND, U.S. CONST AND 8TH AMEND, US CONST.

(Brought by Plaintiff Jones Against All Defendants.)

26. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth herein.

27. On the date and places within the COLA Men's Central Jail described above herein, Defendants, acting under color of law, used unnecessary, unreasonable, gratuitous, and outrageous excessive force on Plaintiff Mr. Jones in violation of his clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments and/or

otherwise participated in, ratified, failed to intervene upon, and/or supervised said uses of force.

28. Defendant Ynigo is a jailer responsible for Plaintiff Jones when Plaintiff Jones is at the Los Angeles County Men's Central Jail.

29. When Deputy Ynigo slammed the door trapping Plaintiff Jones' finger which eventually led to the amputation of the finger, he was not acting in response to any threat to Deputy safety nor was he acting in response to any provocation by Plaintiff. Rather, Deputy Ynigo acted maliciously and sadistically when he forcefully slammed the door on Plaintiff, trapping Plaintiff's finger.

30. By slamming the door on Plaintiff in response to no provocation and not in response to any threat to Deputy safety, Defendant Ynigo caused Plaintiff's injuries.

31. The uses of force by the Defendants named in this Claim for Relief constitute wanton, reckless, and intentional conduct warranting the imposition of exemplary punitive damages.

32. Faced with the circumstances present at the times and places within the Los Angeles County Men's Central Jail, alleged herein, reasonable corrections and law enforcement Deputies and medical personnel would have known that the uses of force at issue, violated Mr. Jones' clearly established Fourth and/or Fourteenth Amendment rights to be free from unreasonable force.

33. The individual defendants failed to take reasonable available measures to abate Plaintiff Jones' substantial risk of suffering serious harm, alternatively: (1) monitoring Plaintiff's cell adequately in compliance with California Code of Regulations, Title 15, section 1027.5, or (2) calling medical assistance for Plaintiff upon observing him in open and obvious medical distress.

34. The force employed by the Defendants who participated in the foregoing acts and omissions, ordered, authorized, directed, supervised, approved and/or ratified and/or acquiesced, failed and/or refused to intervene or otherwise prevent the foregoing acts and omissions, engaged in conduct under color of state law which deprived Mr.

**LARRY JONES  V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**

Jones of his clearly established Fourth, Eighth and/or Fourteenth Amendment rights.

35. As a direct and proximate result of the foregoing conduct surrounding the uses of force at issue, including these Defendants' failure to intervene, their ratification and approval, and/or their supervisory liability in connection with the uses of force at issue, the Defendants deprived Mr. Jones of his clearly established rights under the Fourth, Eighth and/or Fourteenth Amendments.

36. As a direct and proximate result of these Defendants' violations of Mr. Jones' constitutional rights, Mr. Jones endured and suffered and will continue to endure and suffer into the future, extreme conscious physical, mental, and emotional pain and suffering, pecuniary loss, medical bills, and lost earnings and/or benefits, past and future.

37. At all times relevant, Defendants acting in a supervisory role, were responsible for supervising the Defendants who engaged in unreasonable, gratuitous, and outrageous uses of force against Mr. Jones, and for authorizing the force used against Mr. Jones, and approved of and ratified said uses of force, rendering them liable under 42 U.S.C. § 1983 for violating Mr. Jones' clearly established Fourth, Eight and/or Fourteenth Amendment rights.

38. At all times relevant, the Defendants were acting under color of law and within the course and scope of their employment with their respective law enforcement agency employers/political subdivisions pursuant to their official law enforcement or official duties with Los Angeles County. Accordingly, pursuant to California Gov. Code, § 825-825.6, Defendant Los Angeles County must indemnify the conduct and any judgment rendered against their employees named in this third Claim for Relief.

39. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

40. Defendants deprived Plaintiff of his rights guaranteed by the 14th

Amendment of the United States Constitution in acting as set forth in this Complaint.

41. Defendants deprived Plaintiff of his rights guaranteed by the 4th Amendment of the United States Constitution in acting as set forth in this Complaint.

42. Defendants deprived Plaintiff of his rights guaranteed by the 8th Amendment of the United States Constitution in acting as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983 FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE FOURTH AND/OR FOURTEENTH AMENDMENTS.

(Brought by Plaintiff Jones against all Defendants.)

43. Plaintiff hereby incorporates by reference all preceding paragraphs as if set herein.

44. At all times relevant, while in the custody, care, and control of the Los Angeles County Sheriff at the Los Angeles County Men's Central Jail, Plaintiff Larry Jones was entitled to medical care and treatment for his serious medical needs.

45. This fourth Claim for Relief is brought against the Defendants named above, pursuant to 42 U.S.C. § 1983, for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical needs of Plaintiff Larry Jones, an individual suffering from an objectively obvious and known acute medical condition that required timely and prompt appropriate care, treatment, assessment, and intervention to prevent substantial physical injury which was substantially certain to and did occur.

46. At the aforementioned times and places within the Los Angeles County Men's Jail on September 19, 2023, the Defendants named in this Fourth Claim for Relief, acting under color of law, recognized, knew or should have known, and/or witnessed events that demonstrated that Mr. Jones had a serious and life-threatening finger injury that required prompt medical intervention to avoid progressive physical deterioration and potential death from excessive bleeding.

47. Despite knowledge of Mr. Jones' serious medical condition and needs, the

Defendants named in this Claim for Relief were deliberately indifferent to and/or acted with callous/reckless disregard for those serious medical needs by failing and/or refusing to summon or to provide the necessary medical care, assessment, evaluation, intervention, referral and treatment in a timely manner that Mr. Jones required, and, acted or failed to act in a way that exacerbated and made worse Mr. Jones' finger injury and serious medical needs.

48. Defendants knew, or should have known, that taking no action and/or using the types and amount of force described herein and/or participating in said uses of force and/or authorizing and/or acquiescing in the types and amount of force used against Mr. Jones, could and would result a permanent amputation of Plaintiff's finger.

49. As a direct and proximate result of the conduct of the Defendants in denying Mr. Jones necessary medical assessment, evaluation, care, intervention, referral and treatment, Mr. Jones endured and suffered, and will continue to endure and suffer into the future, extreme conscious physical, mental and emotional pain and suffering, pecuniary loss, medical bills, and lost earnings and/or benefits, past and future.

50. At all times relevant, the Defendants were acting under color of law and within the course and scope of their employment with their respective law enforcement agency employers/political subdivisions pursuant to their official law enforcement or official duties with Los Angeles County. Accordingly, pursuant to California Gov. Code, § 825-825.6, Defendant Los Angeles County must indemnify the conduct and any judgment rendered against their employees named in this fourth Claim for Relief.

## FIFTH CLAIM FOR RELIEF

### MONELL CLAIM

(By plaintiff against COLA and COLASD)

51. Plaintiff hereby incorporates by reference all preceding paragraphs as if set herein.

52. At all times herein mentioned, Defendants County of Los Angeles and

LACSD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, including the right to be free from excessive force and cruel and unusual punishments, instituted policies and allowed the constitutional violations as alleged herein.

53. The individual defendants failed to take reasonable available measures to abate Plaintiff Jones' substantial risk of suffering serious harm, alternatively: (1) monitoring Plaintiff's cell adequately in compliance with California Code of Regulations, Title 15, section 1027.5, or (2) calling medical assistance for Plaintiff upon observing him in open and obvious medical distress.

54. By failing to take reasonable available measures to abate Plaintiff's substantial risk of suffering serious harm, Defendants caused Plaintiff's injuries.

55. Defendant County of Los Angeles has a decades-long and sordid history of inmate deaths and injuries in its jails, caused by failure to take corrective action to prevent the failure to properly provide reasonable security to inmates, batteries by jailers, and failure to provide adequate medical care in its jails. This history is known to the elected Sheriff during the times relevant to this action, just as it was known to his elected predecessors. Like his predecessors, the Sheriff had not taken action sufficient to curb or even meaningfully to reduce the decades-long trend of violence, brutality, and callous disregard for human life that is by now a commonplace in the jails administered by the Los Angeles County Sheriff's Department.

56. In that respect, the brutality and disregard for human life that caused Plaintiff to become consigned to the lifelong, personal hell of an amputated finger is the official policy of COLA and LACSD for purposes of *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). Because the County of Los Angeles Sheriff's Department is aware of the decades-long history of inmate abuse at is jails, and yet the abuse continues to this day, it has failed to train its Deputies for purposes of City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).

57. Plaintiff proceeds against the County of Los Angeles in his municipal

liability claim on the theories of Monell, City of Canton, and Praprotnik.

## SIXTH CLAIM FOR RELIEF
## TOM BANE ACT (CIV. CODE § 52.1)

(Brought by Plaintiff Jones against all Defendants.)

58. Plaintiff hereby incorporates by reference all preceding paragraphs as if set herein.

59. All Defendants acted violently against Plaintiff Larry Jones to prevent them from enjoying their right to be free from cruel and unusual punishment (as proscribed by the 8th amendment to the US constitution) and to use the jail door as support based on Plaintiff Jones' disability and Doctor's recommendation.

60. Defendants intended to deprive Plaintiffs of their enjoyment of the interests protected by state and federal law.

61. All Defendants are directly and/or vicariously liable for the actions that injured Plaintiffs.

62. As a result of the execution of these false warrants, Plaintiff suffered an amputated finger.

63. On information and belief, Defendants acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner.

## SEVENTH CLAIM FOR RELIEF
## ASSAULT

(Brought by Plaintiff Jones against Defendants Ynigo and DOES 1-10).

64. Plaintiff incorporates and restates each and every preceding paragraph as if fully rewritten herein.

65. On September 19, 2023, at the times and places at the COLA Men's Central Jail described above herein, the Defendants identified in this Seventh Claim for Relief, while acting within the course and scope of their employment, respectively, threatened

**LARRY JONES V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**

11

bodily harm against Plaintiff Jones, which caused Mr. Jones to be in imminent fear of physical injury and death.

66. The Defendants named in this seventh Claim for Relief had the apparent ability to carry out the threats of bodily harm, and, in fact did, intentionally and without permission or privilege, physically injure Mr. Jones.

67. Mr. Jones did not consent to Defendants' conduct.

68. The Defendants named in this seventh claim for Relief assaulted and battered Jones in a wanton, reckless, and intentional manner.

69. As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed against Jones, he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, including medical expenses, and lost earnings and/or benefits, past and future.

70. These acts committed by the Defendants named in this Fourth Claim for Relief against Mr. Jones directly and proximately caused him to sustain serious physical injury, mental pain and suffering and permanent disability, including, but not limited to the inability to perform his activities of daily living and have rendered him substantially and permanently physically deformed.

## EIGHTH CLAIM FOR RELIEF
## BATTERY

(Brought by Plaintiff against Defendants Ynigo and Does 1-10).

71. Plaintiff incorporates and restates each and every preceding paragraph as if fully rewritten herein.

72. On September 19, 2023, at the times and places at the COLA Men's Central Jail described above herein, the Defendants identified in this Eighth Claim for Relief, while acting within the course and scope of their employment, respectively, acted, intending to cause harmful contact with Plaintiff Jones.

73. Plaintiff Jones reasonably believed that he was about to be touched in a harmful or an offensive manner and Mr. Jones did not consent to Defendants' conduct.

74. The Defendants named in this Eighth claim for Relief battered Jones in a wanton, reckless, and intentional manner.

75. As a direct and proximate result of these Defendants' unlawful act of battery committed against Jones, he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, pecuniary loss, including medical expenses, and lost earnings and/or benefits, past and future.

76. These acts committed by the Defendants named in this Eighth Claim for Relief against Mr. Jones directly and proximately caused him to sustain serious physical injury, mental pain and suffering and permanent disability, including, but not limited to the inability to perform his activities of daily living and have rendered him substantially and permanently physically deformed.

## NINTH CLAIM FOR RELIEF
## FAILURE TO SUMMON IMMEDIATE MEDICAL CARE
## (GOV'T CODE § 845.6)

(Brought by Plaintiff Jones against all Defendants).

77. Plaintiff incorporates and restates each and every preceding paragraph as if fully rewritten herein.

78. California Government Code Section 845.6 provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6.

79. Accordingly, "[i]n order to state a claim under [section] 845.6, a prisoner must establish three elements: (1) the public employee knew of or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006) (citing Cal. Gov't Code § 845.6).

80. Defendants knew or had reason to know that Plaintiff Jones' needed

**LARRY JONES V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**

13

immediate medical care because Plaintiff Jones' finger was terribly injured and that he was bleeding profusely after Deputy Ynigo slammed the door shut trapping Plaintiff's finger. Defendants failed to reasonably summon medical care for Plaintiff.

## PRAYER

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally as follows:

1. **FIRST CLAIM FOR RELIEF:**
   a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;
   b) Punitive damages against the individual Defendants in an amount that will adequately punish and deter the conduct alleged herein;
   c) Costs of suit and reasonable attorneys' fees; and
   d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

2. **SECOND CLAIM FOR RELIEF:**
   a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;
   b) Punitive damages against the individual Defendants in an amount that will adequately punish and deter the conduct alleged herein;
   c) Costs of suit and reasonable attorneys' fees; and,
   d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

3. **THIRD CLAIM FOR RELIEF**
   a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Larry Jones for his

injuries, damages and loss, past and future, including medical care, lost earnings, and lost earning capacity;

b) Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief to which Plaintiff is entitled or this Court deems equitable.

4. **FOURTH CLAIM FOR RELIEF**

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Larry Jones for his injuries, damages and loss, past and future, including medical care, lost earnings, and lost earning capacity;

b) Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief to which Plaintiff is entitled or this Court deems equitable.

5. **FIFTH CLAIM FOR RELIEF**

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;

b) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

c) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

6. **SIXTH CLAIM FOR RELIEF**

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;

**LARRY JONES V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**

b) Punitive damages against the individual defendants in an amount that will adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees; and

d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## 7. SEVENTH CLAIM FOR RELIEF

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;

b) Punitive damages in an amount that will adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees; and

d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## 8. EIGHTH CLAIM FOR RELIEF

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;

b) Punitive damages in an amount that will adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees; and

d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## 9. NINTH CLAIM FOR RELIEF

a) Compensatory damages in an amount in excess of FORTY MILLION DOLLARS ($40,000,000) that will fully and fairly compensate Plaintiff Jones for his injuries, damage and loss, including medical care, lost earnings, and lost earning capacity;

b) Punitive damages against the individual defendants in an amount that will adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees; and

d) All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

Dated this 20th day of February, 2024.

**KISOB LAW FIRM**



**Apemwoyah Kisob Alaric-Lorenzo Esq.**

Attorney for the Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1 of this court.

Dated this 20th day of February, 2024.

**KISOB LAW FIRM**



**Apemwoyah Kisob Alaric-Lorenzo Esq.**

Attorney for the Plaintiffs

---

**LARRY JONES V. L.A. COUNTY ET AL**

**COMPLAINT FOR DAMAGES.**