KISOB LAW FIRM
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone:  7028634243
Fax: 2133838080

Attorney for Plaintiff
Larry Jones

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY JONES,<br><br>    **PLAINTIFF,**<br><br>    VS.<br><br>LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL.<br><br>    **DEFENDANT(S)** | Case No.: 2:24−cv−01388−SVW−ADS<br>Assigned to the Hon. Stephen Wilson.<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE, *NUNC PRO TUNC*, TO FILE DOCUMENTS OUT OF TIME.**<br><br>Trial Date: August 13, 2024.<br>Action Filed: February 21, 2024 |

**TO THIS HONORABLE COURT, TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Larry Jones (hereinafter "**Plaintiff**") hereby moves the Court, Ex Parte, for an Order, *nunc pro tunc*, granting Plaintiff leave to file documents out of time and deeming the following  documents already filed to have been filed with leave of court: 1. Notice of errata containing Plaintiff's Statement of Genuine Disputes of Material fact in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment "**MSJ**" (see ECF Ns. 43); 2. Plaintiff's Declaration in support of his opposition to Defendants' MSJ (see ECF Ns. 43-2); 3. Plaintiff's Witness list (ECF No. 45); and 4. Plaintiff's Memorandum of Contentions of facts and law (see ECF Ns. 44.).

1

Plaintiff's Ex Parte Application for leave to file documents.

On 6/27/2024, Defendants filed their Motion for Summary Judgment. ECF No. 34. The motion was set for hearing on July 29, 2024. On July 8th 2024, Plaintiff, through Counsel, filed his opposition and due to nothing but sheer inadvertence, Plaintiff's Counsel did not file Plaintiff's Separate Statement of Genuine Disputes. The document was complete and ready to file and is cited all over Plaintiff's opposition papers. See Kisob Decl. ¶ 4.

Defendants filed their Reply on July 15, 2024. ECF No. 39. Plaintiff then filed a notice of Errata attaching Plaintiff's Separate Statement of Genuine Disputes and a Declaration of Larry Jones, correcting the numbering of Exhibits filed in support thereof. See ECF Nos. 43, 43-1, 43-2.

Plaintiff also filed a Memorandum of contentions of fact and law as well as Plaintiff's Witness list on July 18, 2024. Pursuant to local rule 16, these were supposed to be filed at least 21 days before the August 5th, 2024 Pretrial Conference.

Pursuant to Local Rule 7-19, Federal Rule of Civil Procedure 6(c)(1)(A), and this Court's standing orders, Plaintiff hereby applies to this Court Ex Parte (the **"Ex Parte Application"**) for an order, *nunc pro tunc*, granting him leave to file: 1. a notice of Errata attaching Plaintiff's Separate Statement of Genuine Disputes and a Declaration of Larry Jones, correcting the numbering of Exhibits filed in support of the original Declaration (see ECF Nos. 43, 43-1, 43-2); 2. plaintiffs' Memorandum of Contentions of fact and law; and, 3. Plaintiff's Witness list. Plaintiff also seeks an order granting leave to file a joint Exhibit list no later than 3 business days from July 18, 2024.

Pursuant to Local Rule 7-19 and this Court's Standing Order, Plaintiff's Attorney sent an email to Defendants' counsel and provided notice of the instant Ex Parte Application on Thursday, July 18, 2024. (Kisob Decl. at ¶). Plaintiff's Attorney also called Defendants' Counsel to no avail. Plaintiff did not hear back from Defendants' Counsel at the time of filing this motion. See Kisob Decl. ¶ 3. Opposing counsel's contact information is as follows:

COLLINSON, DAEHNKE, INLOW & GRECO

2

Plaintiff's Ex Parte Application for leave to file documents.

Laura E. Inlow, SBN 130584
Email: laura.inlow@cdiglaw.com
Lenore C. Kelly, SBN 170891
Email: lenore.kelly@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503

   This Ex Parte Application is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Apemwoyah Kisob Alaric-Lorenzo and Exhibits attached thereto, all pleadings and documents on file herein, and such other matter, oral or documentary, as may be considered by the Court.

Dated: July 18th 2024         **KISOB LAW FIRM**

By: _____
  Apemwoyah Kisob Alaric-Lorenzo
  Attorney for PLAINTIFF

Plaintiff's Ex Parte Application for leave to file documents.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On 6/27/2024, Defendants filed their Motion for Summary Judgment. ECF No. 34. The motion was set for hearing on July 29, 2024. On July 8th 2024, Plaintiff, through Counsel, filed his opposition and due to nothing but sheer inadvertence, Plaintiff's Counsel did not file Plaintiff's Separate Statement of Genuine Disputes. The document was complete and ready to file and is cited all over Plaintiff's opposition papers.

Defendants filed their Reply on July 15, 2024 ECF No. 39. Plaintiff then filed a notice of Errata attaching Plaintiff's Separate Statement of Genuine Disputes and a Declaration of Larry Jones, correcting the numbering of Exhibits filed in support thereof. See ECF Nos. 43, 43-1, 43-2.

Plaintiff also filed a Memorandum of contentions of fact and law as well as Plaintiff's Witness list on July 18, 2024. Pursuant to local rule 16, these were supposed to be filed at least 21 days before the August 5th, 2024 Pretrial Conference.

## II.  LEGAL STANDARD.

Procedure "is a means to an end, not an end in itself — the 'handmaid rather than the mistress' of justice." Charles E. Clark, *History, Systems and Functions of Pleading*, 11 Va. L. Rev. 517, 542 (1925). While district courts enjoy a wide latitude of discretion in case management, this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Federal Rule of Civil Procedure 6(b)(1) provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

4

Plaintiff's Ex Parte Application for leave to file documents.

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (quoting Staren v. American Nat'l Bank Trust Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976)); see also Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

The court may authorize further briefings after a reply has been filed. L.R. 7-10. A district court may allow a sur-reply to be filed, but only "where a valid reason for such additional briefing exists…" *Hill v. England,* 2005 WL 3031136, *1 (E.D.Cal. Nov. 8, 2005).

### III. ARGUMENT
#### A. THE ALREADY FILED DOCUMENTS ARE HIGHLY IMPORTANT.

Plaintiff's already filed Errata sheet contains Plaintiff's Separate Statement of Genuine Disputes in opposition to Defendants' MSJ and a Declaration of Larry Jones, correcting the numbering of Exhibits filed in support thereof. See ECF Nos. 43, 43-1, 43- The Statement of Genuine disputes responds to Defendants Statement of Uncontroverted facts and also adds additional undisputed facts. It is critical that the court look at these documents when it rules on Defendants' MSJ. As to Plaintiff's declaration, only clerical errors were corrected.

#### B. DEFENDANTS WILL NOT BE PREJUDICED

Plaintiff's separate statement will not prejudice Defendants in any way since all the evidence it cites was timely filed alongside Plaintiff's Opposition. The Declaration of Larry Jones only corrects clerical errors in order to make the declaration itself, match with the Exhibits filed with the original declaration.

5

Plaintiff's Ex Parte Application for leave to file documents.

### C. **GOOD CAUSE EXISTS TO JUSTIFY GRANTING THE RELIEF SOUGHT ON AN *EX PARTE* BASIS.**

Plaintiff's Attorney filed the necessary Opposition to Defendants' MSJ and due to inadvertence, forgot to attach the Separate Statement of Genuine Disputes. Immediately thereafter, water spilled on his work laptop and the screen went dark, never to be revived. Plaintiff's Attorney's backup computers did not have the most recently filed documents since the daily backup had not occurred. Plaintiff's Counsel got caught up trying to retrieve backed up data from cloud sources and the broken laptop's hard drive and that explains the delay in filing the documents on time. Plaintiff's Attorney has since then purchased a new laptop and regained access to all data. Kisob Decl. ¶5.

### D. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order, *nunc pro tunc*, granting him leave to file: 1. a notice of Errata attaching Plaintiff's Separate Statement of Genuine Disputes; 2. the Declaration of Larry Jones, correcting the numbering of Exhibits filed in support thereof (see ECF Nos. 43, 43-1, 43-2); 3. plaintiffs' Memorandum of Contentions of fact and law; and, 4. Plaintiff's Witness list. Plaintiff also seeks an order granting the parties leave to file a joint Exhibit list no later than 3 business days from July 18, 2024.

Dated: July 18th 2024                    **KISOB LAW FIRM**

By: _____

Apemwoyah Kisob Alaric-Lorenzo

Attorney for Plaintiff

6

Plaintiff's Ex Parte Application for leave to file documents.