KISOB LAW FIRM
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone:  7028634243
Fax: 2133838080

Attorney for Plaintiff
Larry Jones

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY JONES, | ) Case No.: 2:24-cv-01388-SVW-ADS |
|     **PLAINTIFF,** | ) Assigned to the Hon. Stephen Wilson. |
|     **VS.** | ) **JOINTLY PROPOSED JURY INSTRUCTIONS** |
| LOS ANGELES COUNTY, LOS ANGELES COUNTY | ) Trial Date: August 13, 2024. |
| SHERIFF'S DEPARTMENT ET AL. | ) Action Filed: February 21, 2024 |
|     **DEFENDANT(S)** | ) |

## TO THIS HONORABLE COURT:

Plaintiff Larry Jones ("**Plaintiff**") and Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Ira Ynigo ("**Defendants**"), hereby jointly propose the following instructions to be read to the jury at trial in the above-captioned matter. Defendants have demonstrated their agreement to these instructions. See ECF 67.

//
//
//
//
//
//

---

| No. | Title | Sources | Page |
|---|---|---|---|
| **1.** | Section 1983 Claim—Causation | Ninth Cir. Manual of Model Civil Jury Instructions § 9.2 Causation. Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). | 4. |
| **2.** | Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Excessive Force | Ninth Cir. Manual of Model Civil Jury Instructions §9.26 Revised 2022. | 6 |
| **3.** | Negligence—Essential Factual Elements | Judicial Council of California Civil Jury Instructions (CACI) § 400 | 8 |
| **4.** | Basic Standard of Care | Judicial Council of California Civil Jury Instructions (CACI) § | 10 |

JOINTLY PROPOSED JURY INSTRUCTIONS

| | | 401Rights—Eighth Amendment— Convicted Prisoner's (2021) | |
|---|---|---|---|
| **5.** | Comparative Fault of Plaintiff | Judicial Council of California Civil Jury Instructions (CACI) § 405 | 12 |
| **6.** | Causation: Substantial Factor | Judicial Council of California Civil Jury Instructions (CACI) § 430 | 14 |
| **7.** | Causation: Multiple Causes | Judicial Council of California Civil Jury Instructions (CACI) § 431 | 16 |

JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINTLY PROPOSED JURY INSTRUCTION NO. 1**

      Section 1983 Claim—Causation

Plaintiff must prove the following elements by a preponderance of the evidence:

        (1) That Deputy Ira Ynigo did an affirmative act that caused the deprivation of Larry Jones's civil rights; or

        (2) omitted to perform an act which he is legally required to do that caused the deprivation of the civil right.

JOINTLY PROPOSED JURY INSTRUCTIONS

Authority:

Ninth Cir. Manual of Model Civil Jury Instructions § 9.2 Causation. Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)

**JOINTLY PROPOSED JURY INSTRUCTION NO. 2**

Particular Rights—Eighth Amendment—Convicted Prisoner's Claim of Excessive Force

As previously explained, Larry Jones has the burden of proving that the act[s] of the defendant Deputy Ira Ynigo deprived Larry Jones of particular rights under the United States Constitution. In this case, the Larry Jones alleges the Deputy Ira Ynigo deprived him of his rights under the Eighth Amendment to the Constitution when he slammed the cell door trapping Larry Jones' finger in the process.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." To establish the defendant deprived Larry Jones of this Eighth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

(1) Deputy Ynigo used excessive and unnecessary force under all of the circumstances;

(2) Deputy Ynigo acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline; and

(3) the acts of the Deputy Ira Ynigo caused harm to Larry Jones.

In determining whether these three elements have been met in this case, consider the following factors:

(1) the extent of the injury suffered;

(2) the need to use force;

(3) the relationship between the need to use force and the amount of force used;

(4) any threat reasonably perceived by the defendant; and

(5) any efforts made to temper the severity of a forceful response, such as, if feasible, providing a prior warning or giving an order to comply.

Authority:

Ninth Cir. Manual of Model Civil Jury Instructions §9.26 Revised 2022.

JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINTLY PROPOSED JURY INSTRUCTION NO. 3**

Negligence—Essential Factual Elements

Larry Jones claims that he was harmed by Deputy Ynigo's negligence. To establish this claim, Larry Jones must prove all of the following:

      (1) That Deputy Ynigo was negligent;

      (2) That Larry Jones was harmed; and

      (3) That Deputy Ynigo's negligence was a substantial factor in causing Larry Jones's harm.

Authority:

Judicial Council of California Civil Jury Instructions (CACI) § 400

JOINTLY PROPOSED JURY INSTRUCTIONS

## JOINTLY PROPOSED JURY INSTRUCTION NO. 4

### Basic Standard of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Larry Jones's and Deputy Ynigo's situations.

Authority:

Judicial Council of California Civil Jury Instructions (CACI) § 401

JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINTLY PROPOSED JURY INSTRUCTION NO. 5**

Comparative Fault of Plaintiff

Defendants County of Los Angeles and Deputy Ynigo claim that Plaintiff Larry Jones's own negligence contributed to his ultimate injury. To succeed on this claim, Defendants must prove both of the following:

    (1) That Plaintiff was negligent; and

    (2) That Plaintiff's negligence was a substantial factor in causing his harm.

If Defendants prove the above, Plaintiff's damages are reduced by your determination of the percentage of Plaintiff's responsibility. I will calculate the actual reduction.

Authority:

Judicial Council of California Civil Jury Instructions (CACI) § 405

JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINTLY PROPOSED JURY INSTRUCTION NO. 6**

Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Authority:

Judicial Council of California Civil Jury Instructions (CACI) § 430

JOINTLY PROPOSED JURY INSTRUCTIONS

**JOINTLY PROPOSED JURY INSTRUCTION NO. 7**

Causation: Multiple Causes

A person's negligence may combine with another factor to cause harm. If you find that Deputy Ynigo's negligence was a substantial factor in causing Larry Jones's harm, then Deputy Ynigo is responsible for the harm based on the percentage of fault you allocate to him.

Authority:

Judicial Council of California Civil Jury Instructions (CACI) § 431

JOINTLY PROPOSED JURY INSTRUCTIONS

Dated: August 2nd 2024

**KISOB LAW FIRM**

By: _____

Apemwoyah Kisob Alaric-Lorenzo

Attorney for Plaintiff

Larry Jones

JOINTLY PROPOSED JURY INSTRUCTIONS