KISOB LAW FIRM
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone: 7028634243
Fax: 2133838080

Attorney for Plaintiff
Larry Jones

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY JONES, <br><br>　　**PLAINTIFF,** <br><br>　　VS. <br><br>LOS ANGELES COUNTY, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ET AL. <br><br>　　**DEFENDANT(S)** | Case No.: 2:24−cv−01388−SVW−ADS <br><br>Assigned to the Hon. Stephen Wilson. <br><br>**PLAINTIFF'S PROPOSED GENERAL VERDICT FORM WITH INTERROGATORIES.** <br><br>Trial Date: August 13, 2024. <br>Action Filed: February 21, 2024 |

# §1983 CIVIL RIGHTS CLAIMS

　　1. Did Larry Jones prove by a preponderance of evidence that Deputy Ira Ynigo deprived him of his Eighth Amendment rights when he closed the plaintiff's cell door on his finger? Check one:

YES_____　　NO_____

　　If you answered "YES" or "NO" to go to Question No. 2.

2. Did Plaintiff prove by a preponderance of evidence his Monell Claim against the County of Los Angeles based on unlawful official policy, practice, custom or failure to train?

YES_____          NO_____

If you answered "YES" or "NO" go to Question No. 3.

### NEGLIGENCE

3. Was Deputy Ira Ynigo negligent?

YES_____          NO_____

If you answered "YES" to Question No. 3, answer Question No. 4. If you answered "NO" to Question No. 3, go to question No. 8.

4. Was Deputy Ynigo's negligence a substantial factor in causing harm to Larry Jones?

YES_____         NO_____

If you answered YES to Question No. 4, answer Question No. 5.

5.  Was Plaintiff, Larry Jones negligent?

YES_____         NO_____

If you answered "YES" to Question No. 6, answer Question No. 7.

If you answered "NO" to Question No. 5, place a zero next to Larry Jones in Question No. 7. Then answer Question No. 8.

6. Was Plaintiff's negligence a substantial factor in causing harm to Plaintiff?

YES_____    NO_____

If you answered "YES" to Question No. 7, answer Question No. 8.    If you answered "NO" to Question No. 8, go to Question 8 and place a zero next to Larry Jones.

7. What percentage of responsibility for Plaintiff's harm do you assign to Deputy Ynigo and to Plaintiff:

Ira Ynigo:       %
Larry Jones:     %
TOTAL:        100%

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8. Has Plaintiff Larry Jones proved that Deputy Ira Ynigo while on duty and exercising his authority as a Sheriff's deputy with the knowledge that Plaintiff Larry Jones was present, engaged in conduct that was outrageous with the intention of causing emotional distress to Larry Jones or with reckless disregard of the probability that Larry Jones would suffer emotional distress??

YES_____   NO_____

If you answered "YES", please proceed to Question No. 9. If you answered "NO", please proceed to Question No. 11.

9. If you answered "YES" to the question above, did Larry Jones suffer severe emotional distress?

YES_____    NO_____

10. If you answered "YES" to the question above, did Larry Jones prove that Deputy Ynigo's conduct was a substantial factor in causing his severe emotional distress?

YES_____    NO_____

If you answered "YES", please proceed to Question No. 11. If you answered "NO", please proceed to Question No. 12.

TOM BANE ACT (California Civil Code Section 52.1)

11. Did Plaintiff prove by a preponderance of evidence that Deputy Ira Ynigo Violated the Tom Bane Act (California Civil Code Section 52.1)?

YES_____    NO_____

If you answered "YES" or "NO", please proceed to Question No. 12.

ASSAULT

12. Did Ira Ynigo act intending to cause harmful contact?

YES _____ NO _____

If you answered "YES" to Question No. 12 answer Question 13. If you answer "NO" to Question 13, please proceed to Question 17.

13. Did Larry Jones consent to Ira Ynigo's conduct?

YES _____ NO _____

If you answered "YES" to Question No. 13 answer Question 14. If you answer "NO" to Question 13 answer Question 16.

14. Did Larry Jones suffer harm?

YES _____ NO _____

If you answered "YES" to Question No. 14 answer Question 15. If you answer "NO" to Question 14 answer Question 16.

15. Was Ira Ynigo's conduct a substantial factor in causing Larry Jones' harm?

YES _____ NO _____

If you answered "YES" to Question No. 15 answer Question 16. If you answer "NO" to Question 15 answer Question 16.

BATTERY

16. Did Deputy Ynigo commit battery on Larry Jones?

YES _____ NO _____

If you answered "YES" to Question No. 16 answer Question 17. If you answer "NO" to Question 17 answer Question 18.

FAILURE TO SUMMON IMMEDIATE MEDICAL CARE

Plaintiff's Proposed General Verdict form with interrogatories.

Government Code 845.6

17. Did County of Los Angeles' employee(s) know or have reason to know Mr. Jones was in need of immediate medical care?

YES _____ NO _____

If you answered "YES" to Question No. 17 answer Question 18 If you answer "NO" to Question 17 please proceed to Question 20.

18. Did COLA's employee(s) fail to reasonably summon such medical care for Larry Jones?

YES _____ NO _____

If you answered "YES" to Question No. 18 answer Question 19. If you answer "NO" to Question 18 please proceed to Question 19.

**DAMAGES**

19. State which Causes of Action Larry Jones proved.

<u>Federal Claims:</u>

§1983 Civil Rights Claim – 4th Amendment Excessive Force

YES _____ NO _____

§1983 Civil Rights Claim – Monell – Unlawful Official Policy/Practice/Custom

YES _____ NO _____

<u>State law claims:</u>

Negligence

YES _____ NO _____

Intentional Infliction of Emotional Distress

YES _____ NO _____

Plaintiff's Proposed General Verdict form with interrogatories.

Tom Bane Act – CA Civil Code §52.1

YES _____ NO _____

Assault

YES _____ NO _____

Battery

YES _____ NO _____

Failure to Summon Immediate Medical Care – CA Gov't Code 845.6

YES _____ NO _____

If he proved NONE of his causes of action, sign and date this form below. If he proved ANY of his causes of action, proceed to answer Question 20.

20. In relation to any of Larry Jones' <u>Federal law</u> claims listed in Question 20, has Larry Jones proved by a <u>preponderance of the evidence</u> that Ira Ynigo acted with malice, oppression or fraud.

21. In relation to any of Larry Jones' <u>State law</u> claims listed in question 20, has Larry Jones proved by <u>clear and convincing evidence</u> that Ira Ynigo acted with malice, oppression or fraud.

22. If Plaintiff proved at least one of his claims in Question 19, What are his noneconomic damages for physical pain, emotional distress and disfigurement?

    PAST Noneconomic Damages

    $

    FUTURE Noneconomic Damages

    $

23. If Plaintiff proved at least one of his causes of action in Question 19, What are his economic damages for medical treatment, loss of earnings and lost earning capacity?

    FUTURE Economic Damages

$

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

Date: _____                    _____
                                                         PRESIDING JUROR

Plaintiff's Proposed General Verdict form with interrogatories.

# PROOF OF SERVICE

Jones, Larry v County of Los Angeles, et al. Case No.: 2:24-cv-01388-SVW-ADS

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3680 Wilshire Blvd Ste P04-1147 Laos Angeles CA 90010.

On July 31, 2024, I served the following document described as: PLAINTFF'S PROPOSED SPECIAL VERDICT FORM.

COLLINSON, DAEHNKE, INLOW & GRECO
Laura E. Inlow, SBN 130584
Email: laura.inlow@cdiglaw.com
Lenore C. Kelly, SBN 170891
Email: lenore.kelly@cdiglaw.com
21515 Hawthorne Blvd., Suite 800
Torrance, CA 90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757

[ X ] (BY E-MAIL or ELECTRONIC TRANSMISSION) Pursuant to the agreement of the parties, I caused the documents identified herein to be sent to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic massage or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the above is true and correct.

Executed on September 13, 2024



_____

Apemwoyah Kisob Alaric-Lorenzo

Plaintiff's Proposed General Verdict form with interrogatories.