## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|---|---|---|---|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S APPLICATION TO SET ASIDE STIPULATED PROTECTIVE ORDER [140]

### I.   Introduction

Before the Court is Plaintiff Larry Jones' motion to set aside a protective order stipulated to by Plaintiff and Defendants County of Los Angeles, Los Angeles Sheriff's Department, and Ira Ynigo (collectively, "Defendants"). For the following reasons, Plaintiff's motion is GRANTED.

### II.   Background

The full background of this case is beyond the scope of this order. In short, Plaintiff brought 42 U.S.C. § 1983 claims against Defendants. Complaint, ECF No. 1. Specifically, Plaintiff alleged that Defendants deprived him of his rights under the Eighth Amendment when Defendant Ira Ynigo closed Plaintiff's cell door on his finger. *Id.*

Prior to trial, the parties filed a stipulated protective order, which the Court approved. ECF Nos. 24, 26. The protective order covered all disclosure or discovery material designed as "CONFIDENTIAL."

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|---|---|---|---|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

ECF No. 24 at 4. The protective order limited use of protected material to activities related to prosecuting, defending, or attempting to settle the case. *Id.* at 8-9. Accordingly, the protective order prevented the parties from distributing protected material on social media. *See id.* The parties agreed that the protective order would last beyond the final disposition of the litigation and would "remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs." *Id.* at 5. Finally, after the final disposition of the case, the protective order required that each party return all protected material to the producing party or destroy such material. *Id.* at 14.

On September 18, 2024, the parties conducted a one-day jury trial, in which the jury found for Defendants. ECF No. 144. The next day, Plaintiffs filed an ex parte application to set aside the stipulated protective order. ECF No. 140.

**III.     Legal Standard**

The general rule is that "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Indeed, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1211. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* Where, as here, an existing "protective order was a stipulated order and no party has[s] made a 'good cause' showing, then the burden of proof . . . remain[s] with the party seeking protection." *In re Roman Catholic Archbishop of Portglan in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (citations and quotations omitted). In this case, it is Defendants who seek the protection of the protective order, and therefore they bear the burden of "showing specific prejudice or harm will result if no protective order is granted." *See Phillips*, 307 F.3d at 1211.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|----------|-------------------|------|-----------------|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

Moreover, because protective orders involve restricting a party's ability to disseminate information to the public, protective orders necessarily implicate the free speech protections of the First Amendment. Typically, a finding of good cause for a protective order is sufficient to avoid First Amendment scrutiny. Indeed, in *Seattle Times Co. v. Rhinehart*, the Supreme Court held "that where, as is in this case, a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context to pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." 467 U.S. 20, 37 (1984).

That said, when a party seeks to prevent the disclosure of material that was used at trial, as opposed to material that was produced in discovery but never used in litigation, the justifications for public access on both First Amendment and common-law grounds increase. Indeed, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public record and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Accordingly, the Ninth Circuit has "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. or Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). "The 'compelling reasons' standard is more stringent than the 'good cause' standard under Rule 26(c)." *Shields v. Fed'n Internationale de Natation*, 419 F. Supp. 3d 1188, 1224 (N.D. Cal. 2019) (citing *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (internal quotations omitted).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|----------|-------------------|------|-----------------|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

**IV.    Discussion**

The protective order at issue covers (1) material that was admitted and displayed at trial and (2) material that was produced during discovery but never admitted at trial or used as the basis for a dispositive motion. This includes videos depicting the interior of Men's Central Jail and videos showing the incident between Plaintiff and Defendant Ynigo. Some of these videos were displayed at trial, while others were not.

Normally, Defendants would have to establish good cause to bar disclosure of the material not used at trial and would have to meet the more stringent "compelling reasons" standard to bar disclosure of the material used in trial. As explained above, good cause requires (1) a showing of particularized harm and (2) that the private interests in nondisclosure outweigh the public interests in disclosure. *See Phillips*, 307 F.3d at 1211.

Here, the Court finds that Defendants do not demonstrate good cause to bar disclosure of any of the material covered by the stipulated protective order, including the videos at issue. Because failing to meet the good cause standard necessarily means that Defendants failed to meet the compelling reasons standard, the Court need only analyze the good cause standard.

**A. Defendants do not sufficiently establish that lifting the protective order will cause particularized harm.**

Defendants fail to establish good cause to bar disclosure of any of the material under the protective order, regardless of whether it was admitted at trial, as they fail to establish a particularized harm. Defendants make two arguments for particularized harm: (1) that videos depicting the interior of Men's Central Jail will undermine the Jail's security; and (2) that videos of the incident between Deputy Ynigo and Plaintiff will cause inmates to retaliate against Deputy Ynigo. The Court finds neither argument persuasive.

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|---|---|---|---|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

First, the Court is unpersuaded that public disclosure of videos depicting the interior of Men's Central Jail will undermine security. Yes, the videos do depict cell doors, the locks on those doors, and the keys used to unlock them. The videos also depict the doors that separate high security sections of the jail from areas of the jail open to the public. But the Court finds it far-fetched that disclosure of this information could possibly undermine security at the Jail. Most of this information is already accessible to the inmates in the Jail. Indeed, inmates such as Plaintiff are fully aware of what their cell doors and the locks on those doors look like. And yet, inmates' possession of that information does not pose a security risk. Providing that information to the outside world will not pose one either.

Second, the Court does not think that disclosure of videos depicting the incident between Deputy Ynigo and Plaintiff will affect the risk of retaliation. This is because inmates in the Jail are likely to find out about the incident whether the videos are disclosed or not. After all, Plaintiff Jones is still housed at Men's Central Jail. He is fully capable of spreading his story to other inmates. As are the inmates at Men's Central Jail who witnessed the incident or testified about it in court. This is to say nothing of the fact that Plaintiff's story was described in detail in *two* separate public trials. The idea that these videos are the reason that inmates in Men's Central Jail will learn about the incident between Plaintiff and Deputy Ynigo is a fiction.

Nor will disclosure of the videos lead to the sort of public scandal that would justify barring disclosure. The videos are not so inflammatory as to warrant hiding them from the public. This is aptly demonstrated by the fact that a jury watched these videos and concluded that Deputy Ynigo did not violate Plaintiff's Eight Amendment rights—i.e., he did not act maliciously and sadistically. The content of the videos affirms this conclusion. One video depicts Deputy Ynigo closing Plaintiff's cell door. Another video shows Plaintiff's finger stuck in the door. And a third video shows medical staff opening the door to provide Plaintiff with medical attention. These videos will not so inflame the public as to warrant their non-disclosure.

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01388-SVW | Date | October 3, 2024 |
|----------|-------------------|------|-----------------|
| Title | *Larry Jones v. County of Los Angeles et al.* | | |

**B. The public interest in disclosure of the videos of Men's Central Jail outweigh the private interests in their nondisclosure.**

Even if the Court did find some harm from disclosure of the material under the protective order, the private interests favoring non-disclosure would be outweighed by countervailing public interests. First, with respect to material submitted at trial, which includes multiple videos depicting the interior of Men's County Jail and the incident between Plaintiff and Defendant Ynigo, the public has a strong interest in disclosure. The Ninth Circuit has recognized that access to judicial records and documents is necessary because it provides "a measure of accountability" and a mechanism "for the public to have confidence in the administration of justice." *Ctr. for Auto Safety*, 809 F.3d at 1096.

Second, with respect to videos of Men's County Jail that were produced during discovery but not submitted at trial, the public still has an interest in their disclosure. These videos depict the conditions of an inmate in prison. Just as courts have found that the public has an interest in police body camera footage because it speaks to "the national discussion about police treatment of minorities," so too does the public have an interest in the treatment of prisoners. *See Freitag v. Ayers*, 468 F.3d 528, 545 (9th Cir. 2006) ("[P]roper administration of our prisons generally is undoubtedly of great public interest.").

These public interests outweigh any private interests in non-disclosure, namely, Defendants interests in jail security and preventing retaliation. While those are strong interests in the abstract, as explained above, disclosure of the materials under the protective order will not affect jail security or increase the risk of retaliation. They are thus outweighed by the public's interest in disclosure.

**V.    Conclusion**

For the foregoing reasons, Plaintiffs' application to set aside the stipulated protective order is GRANTED.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |